1
2
3            IN THE UNITED STATES DISTRICT COURT
4          FOR THE EASTERN DISTRICT OF CALIFORNIA
5

6  Robert RAYMOND,                    )    2:12-cv-02215-GEB-EFB and
                                      )    related cases:
7              Plaintiff,             )    2:12-cv-02217-GEB-EFB
                                      )    2:12-cv-02219-GEB-EFB
8         v.                          )    1:12-cv-01407-GEB-EFB
                                      )    1:12-cv-01408-GEB-EFB
9  Barbara HOWARD, Sheldon D.         )    1:12-cv-01412-GEB-EFB
   Johnson, Jim McCauley, Kammi       )    2:12-cv-02220-GEB-EFB
10 Foote, Lee Lundigran, Ken Baird,   )    2:12-cv-02221-GEB-EFB
   Sheryl Thur, Austin Erdman,        )    2:12-cv-02222-GEB-EFB
11 Kathy Darling Allen, Beverly       )    2:12-cv-02223-GEB-EFB
   Ross, Freddie Oakley, and          )    2:12-cv-02225-GEB-EFB
12 Kathleen Williams,                 )    2:12-cv-02259-GEB-EFB
                                      )
13             Defendants.            )    CERTIFICATION THAT THE
                                      )    CONSTITUTIONALITY OF STATUTES
14                                    )    ARE CHALLENGED; AND ORDER
                                      )    CONTINUING HEARINGS AND CASE-
15 _____    )    MANAGEMENT CONFERENCE

16         The undersigned United States District Judge certifies under

17 28 U.S.C. § 2403(b) to **the Attorney General of the State of California,**

18 **THE HONORABLE KAMALA D. HARRIS,** that Plaintiff challenges in each above

19 action the constitutionality of California Election Code §§ 102, 104,

20 and 9022.  Plaintiff sues various county-clerk registrars, alleging that

21 these statutes are unconstitutional under the First and Fourteenth

22 Amendments to the United States Constitution "to the extent the statutes

23 require those who circulate nominating petitions on behalf of political

24 candidates to be qualified to vote in the [S]tate of California."

25 (Compl. ¶ 2, ECF No. 2.)

26         28 U.S.C. § 2403(b) prescribes:

27         In any action . . . in a court of the United States to which
           a State or any agency, officer, or employee thereof is not a
28         party, wherein the constitutionality of any statute of that
           State affecting the public interest is drawn in question, the

                                      1

court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence . . . and for argument on the question of constitutionality.

**Further, to ensure that the Attorney General receives this certification, the Clerk of Court shall serve a copy of this certification on the Attorney General under Federal Rule of Civil Procedure 5.1(a)(2), which is applicable to such service by a party, as follows: "either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose."**

Further, the hearing on each Defendant's motion for compulsory joinder scheduled to commence at 9:00 a.m. on December 3, 2012, is continued to February 25, 2013 commencing at 9:00 a.m. The hearing on Plaintiff's motions for judgments on the pleadings scheduled to commence at 9:00 a.m. on December 3, 2012, is continued to June 3, 2013, commencing at 9:00 a.m. Lastly, the Status Conference scheduled in each above action is continued to August 5, 2013, commencing at 9:00 a.m; a joint status report shall be filed fourteen days before this hearing.

Dated:  November 20, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge